UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:15-cv-23529--LENARD

ZOOLOGICAL WILDLIFE FOUNDATION, INC, et al.,

    Plaintiffs,

VS.

THE HUMANE SOCIETY OF THE UNITED STATES, INC.,

    Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS (D.E. 8)

**THIS MATTER** is before the Court on the Humane Society of the United States' ("Defendant") Motion to Dismiss (D.E. 8). Plaintiffs filed their Response in Opposition (D.E. 20) on October 29, 2015; and Defendant replied (D.E. 26) on November 20, 2015. Having fully considered the Motion, Response and Reply, the Court finds as follows.

### I.   BACKGROUND

Mario Tabraue ("Tabraue") is the co-founder, president and part-owner of the Zoological Wildlife Foundation ("ZWF"). (D.E. 1-2 at ¶ 16.) Trabraue and ZWF were referenced in a report published by the Defendant which was entitled "Zoological Association of America – Analytical Report of Standards, Practices, and Facilities." (Id. at ¶ 18.) The stated purpose of the report was to expose the Zoological Association of America ("ZAA") for its alleged accreditation irregularities. (Id. at ¶ 18 – 20.) Defendant used Trabraue and ZWF as an example of the ZAA's purportedly lax accreditation standards.

The report included the heading "Concerns about ZAA's facilities, members, and activities include the following, which are detailed in Appendix 1."  (Id. at ¶ 20.) Appendix 1 contained the following statements about Tabraue and ZWF:

> Mario Tabraue, owner of Zoological Wildlife Foundation in Florida, was released from prison in 2000 after serving just 12 years of a 100-year sentence.  Tabraue, described by a federal agent as a 'ruthless and violent drug dealer,' had been charged in a federal racketeering indictment that included murder, drug trafficking, corruption, and obstruction of justice.  Tabraue used a machete and circular saw to cut up the body of a murdered federal informant.  <u>Before his arrest, Tabraue used an exotic animal business as a front for his drug trafficking.</u>

(Id. at ¶ 22) (emphasis added).  Tabraue admits that he is a convicted felon, but denies having ever used his prior exotic animal business as a front for his drug trafficking operation.  (Id.)  He asserts that this statement by the Defendant is categorically false and defamatory.  (Id.)

Based on this purportedly false statement, Tabraue and ZWF sued the Defendant in state court for: (1) defamation; (2) defamation by implication; and (3) violation of Florida's Deceptive and Unfair Trade Practices Act. (FDUTP)[1]  (D.E. 1-2.)  Defendant removed the suit to this Court on September 18, 2015, and filed its Motion to Dismiss (D.E. 8) on October 2, 2015.

---

[1] Count One of the Complaint states a defamation claim on behalf of Tabraue; Count Two states a defamation by implication claim on behalf of Tabraue; Count Three states a defamation claim on behalf of ZWF; Count Four states a defamation by implication claim on behalf of ZWF; and Count Five states a claim on behalf of Tabraue and ZWF pursuant to Florida's Deceptive and Unfair Trade Practices Act. (D.E. 1-2.)

In its Motion to Dismiss, Defendant asserts that Tabraue's defamation and defamation by implication claims fail as a matter of law because: (1) its statement is true; (2) the statement was a privileged republication of judicial proceedings; (3) the statement is a reiteration of material originally published by a reputable news agency; (4) defendant is libel-proof; and (5) no reasonable reader, taking HSUS's report as a whole, would infer that the statements implied that Tabraue is currently engaged in criminal activity or is unfit to operate a zoo or care for animals.  (D.E. 8 at 8 – 19.)  Defendant raises the same arguments regarding ZWF, but also maintains that ZWF cannot recover for defamation because the statements were not "of and concerning" it.  (Id. at 13.)   Finally, Defendant contends that Plaintiffs' FDUTP claims fail as a matter of law because they were not consumers engaged in a commercial transaction.  (Id. at 20.)   In support of its Motion to Dismiss, Defendant attached Tabraue's Indictment and Judgment of Conviction from his 1989 racketeering and drug case and several articles from various news sources reporting on Tabraue's case.  (D.E. 8, Exhibits 1 – 7.)

Plaintiffs filed their Response in Opposition to Defendant's Motion to Dismiss on October 29, 2015.  (D.E. 20.)  Plaintiffs argue that none of the extraneous documents relied upon by the Defendant are permissible at the motion to dismiss stage, and that all of Plaintiff's arguments are affirmative defenses which should have been pleaded in their answer instead of a motion to dismiss.  (Id.) Plaintiffs urge the Court, after looking at only the four-corners of their pleading, to find that the Complaint states causes of action for defamation, defamation by implication and a violation of the FDUTP.  (Id.)

## II.    LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss an action for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqubal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "A formulaic recitation of the elements of the cause of action will not do," id. at 1949 (quoting Twombly, 550 U.S. at 555), and the allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Iqubal 556 U.S. at 678. When considering whether a complaint should be dismissed, the Court accepts the facts alleged in the Complaint as true, and construes all reasonable inferences in the light most favorable to plaintiffs. See Bank v. Pitt, 928 F.2d 1108, 1109 (11th Cir. 1991).

## III.   ANALYSIS

Before the Court addresses the substance of Defendant's Motion to Dismiss, it must first decide which materials are appropriate for consideration at this stage. Defendant argues that the Court may consider Tabraue's 1989 Indictment and Judgment of Conviction and the related news stories about Tabraue's conviction and subsequent release. Plaintiffs vigorously oppose the consideration of these documents at this stage, asserting that their Complaint never referenced these documents and that these documents are not essential to their claims.

4

In considering documents extraneous to the complaint on a Rule 12(b)(6) motion, the Eleventh Circuit has stated:

> In general, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss [under Rule 12(b)(6)]. This [C]ourt recognizes an exception, however, in cases in which (1) a plaintiff refers to a document in its complaint, (2) the document is central to [her] claim, (3) its contents are not in dispute, and (4) the defendant attaches the document to its motion to dismiss.

Fuller v. SunTrust Banks, Inc., 744 F.3d 685, 695–96 (11th Cir. 2014) (quoting Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007)) (internal quotation marks omitted). "A document is considered undisputed when the authenticity of the document is not challenged." Id. at 696 (internal quotation marks omitted).

Here, Plaintiffs do not appear to challenge the authenticity of the documents or that the Defendant attached them to the Motion to Dismiss. However, they do dispute that these documents were referenced in their Complaint and that the documents are central to their claims. Plaintiffs assert that to the extent the 1989 Indictment was referenced at all, it was only referenced by quoting Defendant's defamatory statement. The Judgement of Conviction and newspaper articles were never mentioned in the Complaint. Plaintiffs also argue that these documents are not essential to their claims, but instead are central to proving Defendant's affirmative defenses.

Plaintiff's passing reference to the Indictment while quoting the Defendant's allegedly defamatory statement is insufficient to expand the Court's consideration beyond the four corners of the Complaint. And perhaps more importantly, the documents

5

attached by the Defendant's Motion to Dismiss are not essential to proving Plaintiffs' claims.[2] Instead, these documents are relevant to establishing Defendant's potential affirmative defenses.  For these reasons, the undersigned will only consider the four-corners of Plaintiffs' Complaint.

### A. Tabraue's Defamation and Defamation by Implication Claims

#### 1. Defamation

To establish a cause of action for defamation, a plaintiff must show: "(1) publication; (2) falsity; (3) the actor acted with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) the statement is defamatory." Five for Entm't S.A. v. Rodriguez, No. 11–24142–CIV, 2013 WL 4433420, at *6 (S.D. Fla. Aug. 15, 2013) (citing Jews For Jesus, Inc. v. Rapp, 997 So.2d 1098, 1106 (Fla. 2008)). The Defendant does not appear to challenge that on the face of the Complaint Tabraue has pleaded a cause of action for defamation. Instead, Defendant asserts that Tabraue cannot recover because he is libel-proof and because the allegedly defamatory statement was: (1) true; (2) a privileged reporting of the contents of judicial documents; and (3) a privileged reporting of facts originally published by a reputable news source.

Generally, the affirmative defenses of truth, good motive and qualified privilege present factual questions for resolution by the jury. See Glickman v. Potamkin, 454 So. 2d 612, 613 (Fla. DCA 3d 1984) (citing Curtis Publishing Co. v. Fraser, 209 F.2d 1 (5th

---

[2] This is not a case where, for example, the Plaintiff pleaded a claim for breach of contract and the Defendant attached the relevant contract.  Plaintiffs quoted the alleged defamatory statement in their Complaint and asserted that it was false.  At this stage, nothing more is required.

Cir. 1954)); see also Michel v. NYP Holdings, Inc., 816 F.3d 686, 707 (11th Cir. 2016) ("Moreover, the actual truth or falsity of a statement seems to be quintessentially a question of fact that ought not to be determined on a motion to dismiss absent some extraordinary factor . . . ." ); Suarez v. Sch. Bd. of Hillsborough Cty., No. 8:13-CV-1238-T-17MAP, 2013 WL 5653435, at *3 (M.D. Fla. Oct. 16, 2013) ("Privilege is an affirmative defense, and unless facts giving rise to the defense are readily apparent in the initial complaint, privilege should be pled as a defense rather than raised in a motion to dismiss."); Palmer v. Gotta Have it Golf Collectibles, Inc., 106 F. Supp. 2d 1289, 1302 (S.D. Fla. 2000) ("Under Florida law, truth is an affirmative defense to a defamation claim."); Kirvin v. Clark, 396 So.2d 1203, 1204 (Fla. 1st Dist.App.1981) (denying appellee's motion to dismiss a defamation claim on privilege grounds where alleged defamatory words were published in a judicial proceeding, and instructing defendant to plead privilege as a defense).  While courts recognize that in exceptional cases affirmative defenses can be raised at the motion to dismiss stage, this is not one of them. Tabraue has sufficiently pleaded a cause of action for defamation which precludes Defendant's 12(b)(6) motion as to Count One.[3]

### 2. Defamation by Implication

"Defamation by implication arises, not from what is stated, but from what is implied when a defendant (1) juxtaposes a series of facts so as to imply a defamatory connection between them, or (2) creates a defamatory implication by omitting facts...."

---

[3] The defenses raised in Defendant's Motion to Dismiss should have been affirmatively pleaded in its answer.

Jews For Jesus, Inc., 997 So.2d at 1106 (internal quotation marks and citations omitted). "All of the protections of defamation law that are afforded to the media and private defendants are [ ] extended to the tort of defamation by implication." Id. at 1108

In its report, the Defendant connected a series of facts (i.e. Tabraue currently owns a zoo and he previously used an animal business as a drug-front) in such a way that a reasonable person could find that the Defendant implied a defamatory connection between those facts. This is especially true when considering the broader context of the article which intended to cast a shadow upon zoos accredited by the ZAA. Therefore, Tabraue has pleaded sufficient facts to preclude the Court from deciding, as a matter of law, that no objectively reasonable reader could have understood Defendant's report to imply defamatory meaning. For these reasons, Defendant's Motion to Dismiss Count Two must be denied.

### B. ZWF's Defamation and Defamation by Implication

#### 1. Defamation

Defendant argues that Count Three must be dismissed because even assuming its statement was defamatory, the statement was not "of and concerning" ZWF. To plead a cause of action for defamation in Florida, ZWF must have alleged facts supporting a conclusion that the defamatory statement was "of and concerning" it. See Berenato v. Tankel, No. 3:10-CV-979-J-32MCR, 2011 WL 2784438, at *2 (M.D. Fla. July 15, 2011); Brown v. New World Commc'ns of Tampa, Inc., 712 So. 2d 395 (Fla. DCA 2d 1997). In this case, the allegedly defamatory statement is: "Before his arrest, Tabraue used an exotic animal business as a front for his drug trafficking." This statement concerns two

8

entities – Tabraue and his former pet shop.  Because this statement is not about ZWF, ZWF cannot recover for defamation.  <u>See</u> 50 Am. Jur. 2d <u>Libel and Slander</u> § 330 (2015) ("[A]n action for defamation is personal to the party defamed and may not be asserted by a third party.  [] [T]o recover, therefore, the plaintiff must show that he or she is the person to whom the defamatory statement referred. [] [T]here can be no recovery for a libelous or slanderous statement relating to another, including a relative or a spouse, even if the statement indirectly inflicts some injury upon the person seeking recovery.")  Accordingly, Count Three must be dismissed.

### 2. Defamation by Implication

ZWF's defamation by implication claim does not suffer the same fate as its defamation claim.  In its publication, the Defendant included the following facts: (1) Tabraue is the part-owner and president of ZWF; (2) Tabraue is a violent criminal; and (3) Tabraue operated his former exotic animal business as a drug front.  After connecting these facts, a reasonable person reading the report could believe that the Defendant implied that ZWF is also a drug front.  Because ZWF is an entity which relies upon visits from the public for its revenue, such an implication could directly harm its business.  Therefore, ZWF has stated a cause of action for defamation by implication.

### C.  Plaintiffs' Florida Deceptive and Unfair Practices Act Claim

Both Plaintiffs raise claims under the Florida Deceptive and Unfair Practice Act.  The FDUTPA prohibits "[u]nfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" Fla. Stat. § 501.204(1) (emphasis added).  The FDUTPA's stated purpose

9

is to "protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). To fall under the auspices of the FDUTPA, a defendant must have been "conducting 'trade or commerce' when they committed the unfair and deceptive acts alleged in the Complaint." Kapila v. Militzok, No. 15-60764-CIV, 2015 WL 7272761, at *7 (S.D. Fla. Nov. 18, 2015); see also Kelly v. Palmer, Reifler, & Assocs., P.A., 681 F. Supp. 2d 1356, 1369-77 (S.D. Fla. 2010) (granting summary judgment for law firm defendant because it was not engaged in trade or commerce).

The FDUTPA defines "trade or commerce" as

> the advertising, soliciting, providing, offering, or distributing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated. "Trade or commerce" shall include the conduct of any trade or commerce, however denominated, including any nonprofit or not-for-profit person or activity.

Fla. Stat. § 501.203(8). "'Thing of value' may include, without limitation, any moneys, donation, membership, credential, certificate, prize, award, benefit, license, interest, professional opportunity, or chance of winning." Id. § 501.203(9).

Because Plaintiffs' Complaint contains no allegations that the Defendant was engaged in trade or commerce when it made its deceptive statement, they have failed to state their FDUTPA claims as a matter of law.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Dismiss (D.E. 8), filed on October 2, 2015, is **GRANTED IN PART AND DENIED IN PART**;

2. Counts Three and Five are **DISMISSED WITHOUT PREJUDICE**;

3. Plaintiffs shall file an Amended Complaint on or before September 9, 2016; and

4. Defendant's Answer shall be due fourteen (14) days thereafter.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of August, 2016.

_____
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**